[ECF No. 33]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

**STULTZ G. TAYLOR,**

        **Plaintiff,**

    **v.**

**SHEET METAL WORKERS'**
**NATIONAL PENSION FUND, et al.,**

        **Defendants.**

**Civil No. 24-4321 (CPO/EAP)**

---

## <u>MEMORANDUM ORDER</u>

This matter having been opened to the Court on Plaintiff Stultz G. Taylor's Motion for Reconsideration, ECF No. 33 ("Pl.'s Mot."), of the Court's October 11, 2024 Memorandum Opinion and Order, ECF Nos. 29, 30; and Defendants Sheet Metal Workers' National Pension Fund and the Board of Trustees of the Sheet Metal Workers' National Pension Fund, as Administrator of the Pension Plan of the Sheet Metal Workers' National Pension Fund (collectively, "Defendants") having opposed the Motion, ECF No. 38 ("Defs.' Opp'n"); and the Court having considered the parties' submissions; and the Court deciding this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1; and for the following reasons; and for good cause shown:

**<u>Relevant Background</u>**

1.    The facts in the Complaint were set forth in detail in the Court's October 11, 2024 Opinion. *Taylor v. Sheet Metal Workers' Nat'l Pension Fund*, No. 24-4321, 2024 WL 4471683 (D.N.J. Oct 11, 2024). For purposes of judicial efficiency, the Court incorporates by reference the recitation of facts therein. *Id.* at *1-3.

2.      Generally, the Complaint alleges that Plaintiff, a former union sheet metal worker and member of the Fund, sought to receive an early retirement pension but was denied.  Plaintiff challenges the propriety of Defendants' decision.  *See* ECF No. 1 (Compl.) ¶¶ 11-71.

3.      On March 28, 2024, Plaintiff filed a Complaint in this Court setting forth the following causes of action: (1) failure to provide benefits pursuant to Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), ECF No. 23 (Count I), ¶¶ 73-78; (2) breach of fiduciary duty (Count II), *id.* ¶¶ 79-93; (3) estoppel (Count III), *id.* ¶¶ 94-108; and (4) failure to provide a full and fair review (Count IV), *id.* ¶¶ 109-117.

4.      On June 17, 2024, the Court held an initial scheduling conference, at which time the parties raised a dispute about the propriety of discovery outside of the administrative record.  *See* ECF No. 20.  The Court ordered the parties to provide briefing on the issue.  *See id.* ¶ 2. Following review of that briefing, the Court denied Plaintiff's request for additional discovery outside of the administrative record.  *Taylor v. Sheet Metal Workers' Nat'l Pension Fund*, No. 24-4321, 2024 WL 4471683 (D.N.J. Oct. 11, 2024).

5.      On October 24, 2024, Plaintiff filed the current Motion for Reconsideration of that Order. *See* ECF No. 33. Defendant has opposed the Motion.  *See* ECF No. 38.

**<u>Standard of Review</u>**

6.      "[R]econsideration is an extraordinary remedy, that is granted 'very sparingly.'"  *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Local Civil Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'" (quotation omitted)).    To prevail on a motion for

reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

7.    A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted). Instead, reconsideration is only proper when "'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Buffa v. N.J. State Dep't of the Judiciary*, 56 F. App'x 571, 575 (3d Cir. 2003) (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

## Discussion

8.    Plaintiff does not challenge the legal propriety of the Court's ruling on his Count I claim of denial of ERISA benefits under § 502(a)(1), thus conceding that discovery beyond the administrative record is not proper as to that claim. *See generally* Pl.'s Mot. at 3-5. Instead, Plaintiff alleges that the Court made two errors of law in denying his request for discovery outside the administrative record. First, he asserts that the Court improperly construed his allegations in Counts II to IV of the Complaint as state law claims that were likely preempted by ERISA. Plaintiff contends that these Counts were actually claims under ERISA § 502(a)(2) for breach of fiduciary duty and § 502(a)(3) for equitable relief, to which the abuse of discretion standard does not apply and for which he is entitled to discovery. *See* Pl.'s Mot. at 3-11.

9.    Second, Plaintiff argues that the Administrative Record is incomplete, and discovery should be allowed to confirm what documents, if any, were provided to and considered by the Appeals Committee.  *See* Pl.'s Mot. at 11-12.

10.    The Court considers each argument individually.

    A.    <u>Whether the Court Erred in Finding Counts II to IV Were Likely Preempted</u>

11.    Plaintiff's first argument is that the Court mischaracterized Counts II through IV of his Complaint as state law claims likely preempted by ERISA.  *See* Pl.'s Mot. 3-11. He asserts that these Counts are, in fact, ERISA claims brought pursuant to §§ 502(a)(2) and 502(a)(3). Pl.'s Mot. at 4-5.  Plaintiff avers that such claims are not subject to the more deferential abuse of discretion standard based solely on the administrative record, but rather, they may be the subject of additional discovery. *Id.* at 6-11. In light of these alleged errors of law, Plaintiff claims that reconsideration is proper.  *Id.*

12.    Plaintiff's arguments fail on one basic proposition:  Counts II, III, and IV do not plead claims pursuant to ERISA §§ 502(a)(2) and 502(a)(3).

13.    With respect to Count II of the Complaint, Plaintiff labels his cause of action as "Breach of Fiduciary Duty."  Although he cursorily references ERISA, he does not specifically cite to ERISA § 502(a)(2) when he sets forth the following allegations:

> 80. The Board of Trustees and Jane Does, 1-10, are fiduciaries under the Fund pursuant to ERISA.
>
> 81. As fiduciaries of the Fund, these defendants are required to discharge their duties to the Fund in accordance with ERISA and the documents and instruments governing the Fund.
>
> 82. As fiduciaries of the Fund, each of these defendants is required to strictly comply with ERISA and the documents and instruments governing the Fund.
>
> 83. As fiduciaries of the Fund, each of these defendants was responsible for carrying out their duties for the exclusive purpose of providing benefits to participants and beneficiaries.

84. As fiduciaries of the Fund, each of these defendants was required to discharge its duties in a manner of a prudent person with the care, skill, prudence, and diligence of a person acting in a like capacity and familiar with such matters.

85. Mr. Taylor diligently and persistently sought advice from the defendants concerning his eligibility for pension benefits.

86. The advice that the defendants provided to Mr. Taylor materially misrepresented his status and the Fund's requirements with respect to his eligibility for pension benefits.

87. These material misrepresentations were made on multiple occasions.

88. These material misrepresentations were made by fiduciaries and those acting as agents of fiduciaries.

89. Mr. Taylor reasonably relied on these material misrepresentations to his detriment.

90. These defendants have failed to meet each of their fiduciary duties by misleading Mr. Taylor, by misrepresenting the terms of the Plan Document, and by denying Mr. Taylor his right to a pension.

91. By failing to meet their fiduciary duties, these defendants have breached their fiduciary duties in violation of ERISA and are personally liable for these breaches under ERISA.

92. These breaches of fiduciary duties have damaged Mr. Taylor financially and Mr. Taylor has lost retirement benefits owed to him since January 1. 2022 and continuing.

93. As a direct and proximate result of the defendants' actions, Mr. Taylor has been caused to incur attorneys' fees and costs in an attempt to secure the payment of pension benefits due him.

WHEREFORE, Plaintiff Stultz G. Taylor respectfully requests that judgment be entered in his favor and against Defendants, Sheet Metal Workers' National Pension Fund, the Board of Trustees of the Sheet Metal Workers' National Pension Fund, as administrator of the Sheet Metal Workers' National Pension Fund, and Jane Does, 1-10, for unpaid benefits, to enforce his rights to future benefits under the terms of the Plan Documents, for interest, for attorneys' fees and costs, and such other relief as this Honorable Court deems equitable and just.

Compl. ¶¶ 80-93.

14.    Even assuming Plaintiff's reference to ERISA in paragraphs 82-83 and 91 can be liberally

construed to assert an ERISA cause of action, Plaintiff has not pled a breach of fiduciary

duty claim under ERISA § 502(a)(2).  "ERISA entitles a participant in a defined contribution

plan to 'the value of his account unencumbered by any fiduciary impropriety.'"  *Mator v.*

*Wesco Distrib., Inc.*, 102 F.4th 172, 183 (3d Cir. 2024) (quoting *Graden v. Conexant Sys.*

*Inc.*, 496 F.3d 291, 297 (3d Cir. 2007)).  "A participant may sue a fiduciary who breaches

his duties, 29 U.S.C. § 1132(a)(2), and the fiduciary is 'personally liable to make good to

such plan any losses to the plan resulting from each such breach.'"  *Id.* (quoting 29 U.S.C. §

1109(a)).  "The elements of an ERISA breach of fiduciary duty claim are: '(1) a plan

fiduciary (2) breaches an ERISA-imposed duty (3) causing a loss to the plan.'"  *Id.* at 184

(quotation omitted).

15.    It is "abundantly clear" from a "fair contextual reading of the statute" that § 502(a)(2)

addresses "the possible misuse of plan assets, and with remedies that would protect the entire

plan," and not "the rights of an individual beneficiary."  *Mass Mut. Life Ins. Co. v. Russell*,

473 U.S. 134, 142 (1985) (footnote omitted).  As such, "§ 502(a)(2) in effect allows

individual participants to sue 'in a representative capacity on behalf of the plan as a whole.'"

*Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1162 n.7 (3d Cir. 1990) (quoting *Russell*,

473 U.S. at 142 n.9).  Where a plaintiff seeks to recover benefits allegedly owed to him in

his individual capacity, "the[] action is plainly not authorized by either § 409 [defining the

liability of ERISA fiduciaries] or § 502(a)(2)."  *Id.*; *see also Salvucci v. Glenmede Corp.*,

No. 22-1891, 2022 WL 4692438, at *4 (E.D. Pa. Sept. 30, 2022) (dismissing claim under §

502(a)(2) where plaintiff sought only individual relief); *Advanced Orthopedics & Sports*

*Med. Inst. ex rel. MS v. Anthem Blue Cross Life & Health Ins. Co.*, No. 20-13243, 2022 WL

13477952, at *12 n.5 (D.N.J. Oct. 21, 2022) ("[W]hile Plaintiff may pursue a breach of fiduciary duty claim in conjunction with a claim for recovery of benefits under ERISA § 502, [that claim] should be dismissed because it is not based on an injury 'separate and distinct' from the denial of benefits.").

16.    Plaintiff's Complaint describes no fiduciary impropriety with respect to the Plan as a whole. Rather, he alleges only that Defendants made material misrepresentations to him with respect to his specific request for an early pension. Compl. ¶¶ 86-89. Moreover, his requested relief seeks to recover benefits owed only to him in his individual capacity and not on behalf of all Plan members. *Id.* at 13-14, Count II, Wherefore Cl. Thus, to the extent Count II is brought under ERISA, it mirrors the relief sought by Count I and therefore, is subject to review under the abuse of discretion standard. *See Owen v. Soundview Fin. Grp., Inc.*, 208 F.3d 203, 2000 WL 287684, at *3 (2d Cir. 2000) (unpublished table decision) (finding that where plaintiff characterized his claim as a breach of fiduciary duty under § 502(a)(2), but plaintiff sought only a personal remedy, court would construe it as a claim for benefits under § 502(a)(1)). To the extent, however, that Count II is a state law breach of fiduciary duty claim, it is—as noted in the Court's prior Memorandum Opinion—likely preempted by ERISA. *See Taylor*, 2024 WL 4471683, at *7-8. In either event, Count II does not entitle Plaintiff to discovery outside the administrative record.

17.    Count III fares no better. The Complaint labels this claim as one for "Estoppel" and makes no mention of ERISA. Count III sets forth the following allegations:

> 95.    Mr. Taylor diligently and persistently sought advice from the defendants concerning his eligibility for pension benefits.
>
> 96.    The advice that the defendants provided to Mr. Taylor materially misrepresented his status and the Fund's requirements with respect to his eligibility for pension benefits.

97.     These material misrepresentations were made on multiple occasions.

98.     These material misrepresentations were made by fiduciaries and those acting as agents of fiduciaries.

99.     Mr. Taylor relied upon this advice to his detriment in making decisions on how many hours he could work and the type of work he could perform.

100.    Despite complying with all of the advice given to him, the defendants have denied Mr. Taylor his pension.

101.    The defendants have breached their duty of loyalty.

102.    The defendants mislead Mr. Taylor.

103.    The defendants materially misrepresented the terms or the administration of the Fund.

104.    The Fund has impermissibly benefited from the misrepresentations made by the defendants.

105.    The events leading up to Mr. Taylor's pension application the processing of this application by the defendants, and the defendants' actions constitute extraordinary circumstances warranting the relief requested.

106.    These material misrepresentations have damaged Mr. Taylor financially and Mr. Taylor has lost retirement benefits owed to him since January 1, 2022 and continuing.

107.    As a direct and proximate result of the defendants' actions, Mr. Taylor has been caused to incur attorneys' fees and costs in an attempt to secure the payment of pension benefits due him.

108.    The defendants should be equitably estopped from denying Mr. Taylor his pension benefits.

WHEREFORE, Plaintiff Stultz G. Taylor respectfully requests that judgment be entered in his favor and against Defendants, Sheet Metal Workers' National Pension Fund, the Board of Trustees of the Sheet Metal Workers' National Pension Fund, as administrator of the Sheet Metal Works' National Pension Fund, and Jane Does, 1-10, for unpaid benefits, to enforce his rights to future benefits under the terms of the Plan Documents, for interest, for attorneys' fees and costs, and such other relief as this Honorable Court deems equitable and just.

8

Compl. ¶¶ 95-108.

18.    Section 502(a)(3) of ERISA "authorizes 'appropriate' equitable relief." *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (emphasis omitted).    The Supreme Court has noted, however, that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.*   To determine whether the requested relief is appropriately equitable under § 502(a)(3), "the Supreme Court has cautioned that a court must look past the label attached by the plaintiff." *Miller v. Mellon Long Term Disability Plan*, 721 F. Supp. 2d 415, 423 (W.D. Pa. 2010) (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)).    "When, as here, a plaintiff seeks court review of a benefits denial, 'ERISA equitable estoppel claims are limited to the administrative record and no discovery is permitted.'" *Mullica v. Minn. Life Ins. Co.*, No. 11-4034, 2013 WL 5429295, at *3 (E.D. Pa. Sept. 27, 2013) (quoting *Cramer v. Appalachian Reg'l Healthcare, Inc.*, No. 11-49, 2012 WL 996583, at *4 (E.D. Ky. Mar.23, 2012) (collecting cases)).

19.    Looking past the label here, it is clear that the alleged "equitable relief" requested by Plaintiff in Count III "is essentially 'a claim for benefits expressed in equitable language.'" *Miller*, 721 F. Supp. 2d at 423 (quoting *Clark v. Feder Semo & Bard, P.C.*, 527 F. Supp. 2d 112, 117 n.1 (D.D.C. 2007)).    Specifically, Plaintiff seeks unpaid benefits and to enforce his rights for future benefits under the Plan. *See* Compl. ¶¶ 95-108 & Count III, Wherefore Cl. Because ERISA § 502(a)(1)(B) already provides a mechanism for ordering a plan to pay benefits due, Count III—like Count II—is either another iteration of Plaintiff's Count I claim under § 502(a)(1), or it is a state law claim that is likely preempted by ERISA.    In either event, Plaintiff is not entitled to additional discovery.

20.    Finally, Count IV of the Complaint alleges a "failure to provide a full and fair review."

Compl. ¶¶ 109-17.  Specifically, it states, in pertinent part:

> 110.   ERISA requires that benefit plans "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by a participant" and to give a 'full and fair review.'"
>
> 111. The regulations promulgated under ERISA require that the specific reason or reasons be given in both the initial and the appeal denial letters.
>
> 112. Any decision that falls short of a full and fair review is not evaluated under a deferential standard.
>
> 113. The Fund's denial letter of May 23, 2022 based the denial on the fact that Mr. Taylor continued to perform office work for STS.
>
> 114. The Board of Trustees denial letter of April 6, 2023 also based the denial on the fact that Mr. Taylor continued to be employed by STS.
>
> 115. The Board of Trustees unreasonably refused to consider documents and other substantial proof that Mr. Taylor was advised on multiple occasions that he would retain his pension eligibility while continuing to work for STS for a maximum of forty hours per month.
>
> 116. The Board unreasonably failed to consider that in order for STS to continue to operate, Mr. Taylor was required by New Jersey law to maintain his Master HVACR license and to continue to be employed by STS.
>
> 117. Mr. Taylor was denied his right to a full and fair hearing.
>
> WHEREFORE, Plaintiff Stultz G. Taylor respectfully requests that judgment be entered in his favor and against Defendants, Sheet Metal Workers' National Pension Fund, the Board of Trustees of the Sheet Metal Workers' National Pension Fund, as administrator of the Sheet Metal Workers' National Pension Fund, and Jane Does, 1-10, for unpaid benefits, to enforce his rights to future benefits under the terms of the Plan Documents, for interest, for attorneys' fees and costs, and such other relief as this Honorable Court deems equitable and just. In the event this Honorable Court determines that Mr. Taylor was not afforded a full and fair hearing, Plaintiff Stultz G. Taylor respectfully requests that he be given the opportunity to supplement

the record of his appeal and order a remand to the Board of Trustees
ordering consideration of all additional documents and information.

Compl. ¶¶ 110-17 & Count IV, Wherefore Cl.

21.     Although Plaintiff does not cite the pertinent ERISA provision—either in his Complaint or
in his brief in support of his Motion for Reconsideration—a liberal reading of the Complaint
suggests that Count IV sets forth a claim under ERISA § 503.  That provision provides, in
pertinent part, that every employee benefit plan shall, "provide adequate notice in writing to
any participant or beneficiary whose claim for benefits under the plan has been denied,
setting forth the specific reasons for such denial, written in a manner calculated to be
understood by the participant." 29 U.S.C. § 1133(1).  "The remedy for violation of § 503 is
to remand to the plan administrator so the claimant gets the benefit of a full and fair review."
*Syed v. Hercules, Inc.*, 214 F.3d 155, 162 (3d Cir. 2000) (citation omitted).  "Thus, while
complying with § 503 may be 'probative of whether the decision to deny benefits was
arbitrary and capricious,' § 503 itself does not provide an independent cause of action."
*Advanced Orthopedics & Sports Medicine Inst.*, No. 20-13243, 2022 WL 13477952, at *13
(D.N.J. Oct. 21, 2022) (quoting *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 851 (3d Cir.
2011)).  Accordingly, this claim does not entitle Plaintiff to additional discovery.

    B.      Whether Discovery Is Permissible Where the Administrative Record Is Incomplete

22.     As an alternative basis for reconsideration, Plaintiff argues that "[s]ince the Court's Order
of October 11, 2024, Plaintiff has discovered omissions from the Administrative Record
filed by Defendants in this matter."  Pl.'s Mot. at 11.  Specifically, Plaintiff notes that the
"Administrative Record does not contain any version of the Plan Documents and
amendments in effect as of the date of the Defendants' denial of Plaintiff's pension benefits."
*Id.*  In addition, Plaintiff asserts that "it has recently been discovered" that certain other
documents are missing from the Administrative Record, including: (1) Plaintiff's

handwritten notes concerning his teleconference with the Fund; (2) Plaintiff's counsel's March 29, 2023 letter to Defendants' counsel; and (3) any changes made to the Plan documents between the date of Plaintiff's January 1, 2022 application and the April 23, 2023 denial of his appeal. *Id.* at 12.

23.     "Under the so-called 'ERISA record rule,' judicial review of an administrator's adverse decision is typically limited to the administrative record." *Stallman v. First Unum Life Ins. Co.*, No. 23-20975, 2024 WL 4988603, at *2 (D.N.J. Dec. 5, 2024) (citing *Noga v. Fulton Fin. Corp. Emp. Benefit Plan*, 19 F.4th 264, 271 (3d Cir. 2021)).  "The administrative record consists of the materials before the fiduciary who makes the benefit decisions on internal review, and it typically contains relevant plan documents (such as an insurance policy), the claim file (the claim, supporting information supplied by the claimant, as well as information related to the claim that was considered, collected, or generated by the fiduciary), and the fiduciary's final determination with respect to the claim." *Noga*, 19 F.4th at 272 (citation omitted).  To the extent there are specifically-identified gaps in the administrative record, the appropriate remedy is not to allow "extra-record" discovery, but rather to require the defendants to supplement the record.  *Stallman*, 2024 WL 4988603, at *4 (declining to permit extra-record discovery merely to confirm that the administrative record is complete); *see also Goble v. Liberty Life Assur. Co. of Bos.*, No. 12-6030, 2013 WL 5603871, at *9 (D.N.J. Oct. 11, 2013) (finding extra-record discovery inappropriate when "[p]laintiff has not shown that Defendants have selectively omitted information and produced an incomplete administrative record").

24.     Here, as a threshold matter, Plaintiff does not explain why he did not identify such alleged gaps in the record in his initial motion for discovery.  A motion for reconsideration may not

be used to advance such new legal arguments.  *See P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 352.

25. That said, none of the identified "omissions" warrants discovery beyond the administrative record.  As to the pertinent Plan Document and any amendments thereto, Defendant avers that the pertinent provisions applicable to Plaintiff's claim for benefits are quoted in a document within the administrative record, and that "[t]he complete Plan Document, including amendments relating to Plaintiff's benefits claim and determination, if any, will be provided to the Court at the summary judgment phase, will be provided to Plaintiff to the extent he does not already have it before summary judgment motions are filed, and in the meantime can be found online at the citation previously provided by Defendants in their opposition Plaintiff's letter motion."  Defs.' Opp'n at 18.

26. With respect to the missing March 29, 2023 letter, Defendant concedes that the letter and attachments "were inadvertently omitted . . . from the administrative record filed with the Court, for which the undersigned counsel apologizes."  *Id.* at 19.  Defendants, however, agree to supplement the administrative record with this document.  *Id.*

27. Finally, Plaintiff's handwritten notes of a call with the Fund's staff were not considered by Defendants and thus, are appropriately not part of the administrative record here.

28. In short, Plaintiff has established no basis for reconsideration of the denial of extra-record discovery.  And even though the supplementation issue is not properly before the Court on this Motion, the Court will order Defendants to supplement the record with the production of the limited documents identified above.

**THEREFORE,** it is this **3rd** day of **January 2025**;

**ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 33, is **DENIED**; and

**IT IS FURTHER ORDERED** that within **ten (10) days** from the date of this Order, Defendants shall supplement the Administrative Record with (1) the complete Plan Document, including amendments relating to Plaintiff's benefits claim and determination; and (2) Plaintiff's counsel's March 29, 2023 letter to Defendants.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:   Christine P. O'Hearn, U.S.D.J.